**Dismissed and Memorandum Opinion filed August 9, 2016.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-16-00561-CR

---

### ROME BOUGERE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1398117**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to attempted burglary of a habitation. On August 23, 2013, in accordance with the terms of a plea bargain agreement with the State, the trial court deferred a finding of guilt, placed appellant on community supervision for four years and assessed a $300 fine. The State subsequently moved to adjudicate appellant's guilt. Appellant entered a plea of true to the allegations in the motion. As part of an agreement with the State on punishment, appellant signed a written waiver of his right to appeal. On November 25, 2013, the trial court

sentenced appellant to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice. Appellant's notice of appeal was not filed until July 6, 2016.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).